IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BENITA MERENDO** :
2389 Green Apple Avenue :
Columbus, Ohio 43229 :
 :
      Plaintiff, : CASE NO. 2:17-cv-817
 :
  vs. : JUDGE
 :
 : MAGISTRATE JUDGE
 :
**OHIO GASTROENTEROLOGY** :
**GROUP, INC.** : **Jury Demand Endorsed Hereon**
c/o Statutory Agent :
Bruce L. Hennessy, M.D. :
3400 Olentangy River Road :
Columbus, Ohio 43202 :
 :
 :
      Defendant. :

## COMPLAINT

NOW COMES Plaintiff Benita Merendo ("Plaintiff") and proffers this Complaint for damages against Defendant Ohio Gastroenterology Group, Inc. (hereinafter "Defendant" and/or "Ohio Gastro").

### JURISDICTION AND VENUE

1. All counts contained herein are brought pursuant to the laws of the United States, therefore this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

2. This action is brought pursuant to the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, *et seq.* ("ADA"), the Family Medical Leave Act, 29 U.S.C. § 2611(2), the Ohio Laws of Discrimination, Ohio Revised Code 4112 ("Chapter 4112"), and 28 U.S.C. § 1331.

3. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367 as this Complaint raises claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction.

4. Venue is proper pursuant to 28 U.S.C. § 1391, due to the fact that the Defendant has a facility in Columbus, Franklin County, Ohio, at which the events in question took place.

5. Plaintiff has complied with all jurisdictional prerequisites to the filing of this lawsuit and this Complaint is filed within ninety (90) days of Plaintiff's receipt of her Right to Sue letter from the EEOC, a copy of which is attached hereto as Exhibit A.

## THE PARTIES

6. Plaintiff is a natural person residing in Franklin County, Ohio.

7. Defendant Ohio Gastroenterology Group, Inc. ("Ohio Gastro") is an Ohio Corporation with multiple facilities doing business in the Southern District of Ohio.

8. At all times relevant herein, Plaintiff was an employee of Defendant as defined by the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, *et seq*. ("ADA"), the Family Medical Leave Act, 29 U.S.C. § 2611(2) and the Ohio Revised Code 4112.

9. Defendant Ohio Gastro is a covered "employer" as that term is defined by the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, *et seq*. ("ADA"), the Family Medical Leave Act, and by the Ohio Revised Code 4112.

10. Defendant is an "employer" as defined by 29 U.S.C. § 2611(4)(A). Defendant was engaged in commerce or an industry or activity affecting commerce, and employed 50 or more employees for each working day during each of 20 or more calendar workweeks at all times during Plaintiff's employment.

**FACTUAL BACKGROUND**

11. Plaintiff began working full time for Defendant Ohio Gastro on or about June 2, 2011, and remained employed by Defendant until her termination on or about June 14, 2017.

12. Plaintiff was employed as a Billing/Collection Representative and her job duties included but were not limited to, ensuring payment of patient accounts, data entry, contacting patients regarding medical charges, and resolving accounts with Defendant Ohio Gastro's outside collection agency.

13. Defendant Ohio Gastro is a medical provider of advanced gastrointestinal (GI) procedures, including colonoscopy and upper endoscopy, and has five (5) office locations.

14. Plaintiff was diagnosed with multiple disabilities and chronic medical conditions in the years preceding and/or during her employment with Defendant Ohio Gastro and frequently suffers from flare-ups and/or experiences symptoms related to these disabilities since then.

15. Specifically, Plaintiff was diagnosed with gastroesophageal reflux disease (GERD), gastrointestinal issues, chronic sinus and seasonal allergies, arthritis, bilateral knee pain, trapexius neck strain, hypoglycemia, high blood pressure, insomnia, depression, anxiety, among other conditions.

16. Defendant was aware that Plaintiff suffered from disabilities, as Plaintiff herself was a patient receiving medical treatment and/or services from Defendant Ohio Gastro.

17. Defendant was aware that Plaintiff suffered from disabilities, as Plaintiff had requested and was approved for intermittent FMLA leave on numerous occasions during her employment with Defendant and made multiple requests for reasonable accommodation(s) for those disabilities.

18. Plaintiff's requested and approved intermittent FMLA leave in 2016 and 2017 included, but was not limited to, Plaintiff's GERD and/or adjustments to her antidepressant medications, in addition to Plaintiff's hospitalization on or about June 5 to June 6, 2017 and subsequent absence from work immediately prior to her termination.

19. While employed by Defendant Ohio Gastro, Plaintiff was qualified for the Billing / Collection Representative position, in part because she has worked in the medical billing industry for approximately twenty-three (23) years, and had no difficulty performing the essential functions of her job.

20. While employed by Defendant Ohio Gastro, Plaintiff was not subject to any significant disciplinary action, with the exception of a minor verbal warning, nor did she receive any counseling with regards to her job performance, and generally received positive feedback on her employee performance evaluations.

21. Defendant failed to provide Plaintiff with reasonable accommodations for her disabilities. First, Defendant prohibited its Billing / Collection Representatives from leaving their desks in the middle of their phone shifts. Plaintiff suffers from gastrointestinal conditions, in addition to side effects of her prescribed high blood pressure medication. Plaintiff informed her direct supervisor Amber Pohlman that her high blood pressure medication caused frequent urination and her gastrointestinal condition caused urgent bowel movements, requiring Plaintiff to use the restroom frequently.

22. On multiple occasions, Plaintiff asked Defendant for reasonable accommodations for her disabilities, including but not limited to, removal from the phone rotation, opportunities to take breaks during her phone shift, and/or have one of Plaintiff's colleagues intercept phone calls for her while Plaintiff was using the restroom.

23. Defendant, by and through Supervisor Pohlman, stated that Plaintiff could not leave her desk during the phone shift and/or to use the restroom before and after her shift.

24. Supervisor Pohlman also instructed Plaintiff to have a colleague cover her shift while Plaintiff was in the restroom. The nature of Plaintiff's disabilities and/or the side effects of her medications made it impossible for Plaintiff to predict her symptoms and/or provide advance notice to colleagues prior to leaving her shift to use the restroom, among other complications.

25. Defendant also prohibited its Billing / Collection Representatives from eating food and having drinks other than water at their desks. Plaintiff suffers from hypoglycemia which requires her to eat immediately once her blood sugar drops. Plaintiff disclosed this to Defendant in her initial employment application.

26. Defendant prohibited its employees from using the elevator and instead instructed its employees to use the stairs. Plaintiff suffers from arthritis and various orthopedic conditions which render her unable and/or cause significant difficulty in navigating the stairs. Plaintiff disclosed this to Defendant through her Acting Direct Supervisor, Stella Nyinaku.

27. On or about May 16, 2017, Plaintiff attended a meeting with Supervisor Pohlman and Human Resources Manager Heather Foisset. HR Manager Foisset stated to Plaintiff, "You are the only one with all of these problems", in references to Plaintiff's disabilities and medical conditions.

28. On this same date, on or about May 16, 2017, Defendant requested in writing that Plaintiff provide recertification of her FMLA leave.

29. On multiple occasions during her employment with Defendant Ohio Gastro, Plaintiff applied for intermittent FMLA leave for her disabilities and medical conditions because she suffers from symptom flare-ups related to those disabilities/medical conditions.

30. Plaintiff always correctly followed Defendant's FMLA call-off process, which required her to inform her Supervisor every day she was taking intermittent FMLA leave.

31. On or about June 5 until June 6, 2017, Plaintiff was hospitalized and requested intermittent FMLA leave for both the remainder of that workweek, in addition to the entirety of the following work week.

32. Plaintiff had a reasonable, good faith belief that her requested time off was covered by FMLA and left messages for Supervisor Pohlman, informing her supervisor that she would not be in to work.

33. After she returned to work from taking FMLA leave for her hospitalization, Plaintiff met with Director of Operations Megan Dana and Human Resources Manager Heather Foisset on or about June 14, 2017.

34. Plaintiff was informed that she was being terminated for accessing her own electronic medical file that contained her personal medical records, which was allegedly in violation of company policies.

35. Plaintiff had a reasonable, good faith belief, due to numerous factors, that she was permitted to access and/or view her own medical file and/or office charges, and that doing so did not violate Defendant's HIPAA and/or confidentiality or other company policies.

36. As such, Plaintiff accessed her own electronic medical file and/or office charges for reasonable and/or legitimate reasons, including privacy concerns regarding her sensitive medical information and verifying the identity of one of Plaintiff's previous medical providers to maintain continuity of care.

37. Based on Plaintiff's attendance records and lack of any significant disciplinary history, she was nowhere near being terminated for attendance or disciplinary issues at that time or at any other time during her six (6) years of employment with Defendant Ohio Gastro.

38. As such, Defendant's reason(s) offered for Plaintiff's termination are untrue, lacked merit, and served as pretext for her termination.

39. Plaintiff was retaliated against for her use of FMLA leave because Defendant terminated Plaintiff immediately following her June 5 to June 6, 2017 hospitalization and/or subsequent absence from work, both of which were FMLA protected absences..

40. It is abundantly clear that Plaintiff was retaliated against for her use of FMLA leave, as Plaintiff began to notice that as soon as she began taking intermittent FMLA leave, Plaintiff received reduced points for attendance on her performance evaluations, where she had not before.

41. Defendant interfered with Plaintiff's rights to intermittent FMLA leave by retaliating against her, issuing disciplinary action including lower attendance scores on performance evaluations, and ultimately terminating her employment.

## COUNT I
### Disability Discrimination – R.C. § 4112.02

42. Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

43. At all times relevant herein, Plaintiff suffered from an impairment(s) within the meaning of Section 4112.01(A)(16) of the Ohio Revised Code.

44. At all times relevant herein, Plaintiff was a qualified individual with a disability/disabilities within the meaning of R.C. § 4112.01(A)(13) of the Ohio Revised Code.

45. Defendant knew that Plaintiff was disabled and/or regarded her as disabled.

46. Defendant was aware of the difficulties suffered by Plaintiff as a result of her disability/disabilities.

47. Defendant discriminated against Plaintiff because of her disability/disabilities by taking the following non-exhaustive list of actions: terminating her employment, retaliating against her, creating false reasons for termination, issuing discipline to her for absences related to her disability/disabilities, and/or by otherwise discrimination against her in the terms, privileges, and conditions of employment.

48. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to serious emotional distress and the loss of salary, benefits and other terms, privileges, and conditions of employment for which Defendant is liable.

49. Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

## COUNT II
**Disability Discrimination – Americans with Disabilities Act**

50. Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

51. This claim is brought pursuant to 42 U.S.C. § 12101, *et seq.,* and as defined as 42 U.S.C. § 12101.

52. Plaintiff is an otherwise qualified individual.

53. Defendant knew or had reason to know that Plaintiff suffered from a disability and/or regarded her as disabled.

54. Defendant was aware of the difficulties suffered by Plaintiff as a result of her disability/disabilities.

55. Defendant discriminated against Plaintiff because of her disability/disabilities by taking the following non-exhaustive list of actions: terminating her employment, retaliating against her, creating false reasons for termination, issuing discipline to her for absences related to her disability/disabilities, and/or by otherwise discrimination against her in the terms, privileges, and conditions of employment.

56. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to serious emotional distress and the loss of salary, benefits and other terms, privileges, and conditions of employment for which Defendant is liable.

57. Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

## COUNT III
**Retaliation- R.C. §4112.02**

58. Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

59. Plaintiff engaged in a protected activity by requesting reasonable accommodation(s) for her disability/disabilities and taking advantage of those reasonable accommodations, including medical leave for her disabilities.

60. Defendant knew Plaintiff engaged in a protected activity.

61. Once Plaintiff engaged in the aforementioned protected activity, Defendant purposefully retaliated against Plaintiff by taking the following non-exhaustive list of actions:

terminating her employment, retaliating against her, creating false reasons for her termination, issuing discipline to her for absences related to her disability, and/or by otherwise discriminating against her in the terms, privileges and conditions of employment.

62. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to pain and suffering, and the loss of salary, benefits and other terms, privileges and conditions of employment for which Defendant is liable.

63. Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

## COUNT IV
### Retaliation- Americans with Disabilities Act

64. Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

65. Plaintiff engaged in a protected activity by requesting reasonable accommodation for her disability/disabilities and taking advantage of those reasonable accommodations, including medical leave for her disabilities.

66. Defendant knew Plaintiff engaged in a protected activity.

67. Once Plaintiff engaged in the aforementioned protected activity, Defendant purposefully retaliated against Plaintiff by taking the following non-exhaustive list of actions: terminating her employment, retaliating against her, creating false reasons for her termination, issuing discipline to her for absences related to her disability/disabilities, and/or by otherwise discriminating against her in the terms, privileges and conditions of employment.

68. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to pain and suffering, and the loss of salary, benefits and other terms, privileges and conditions of employment for which Defendant is liable.

69. Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

## COUNT V
### Failure to Accommodate- Americans with Disabilities Act

70. Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

71. At all times material herein, Plaintiff was disabled, or regarded as being disabled, as defined in 42 U.S.C. §12102.

72. Defendant knew or had reason to know that Plaintiff suffered from a disability/disabilities, and/or regarded her as disabled.

73. Plaintiff was an otherwise qualified individual with a disability/disabilities.

74. Plaintiff requested reasonable accommodations for her disability/disabilities.

75. Such reasonable accommodations were possible for Defendant to provide.

76. Defendant violated the ADA by failing to accommodate Plaintiff's disability/disabilities by issuing discipline and/or lower attendance scores on performance evaluations to Plaintiff for absences related to her disability/disabilities.

77. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to pain and suffering, and the loss of salary, benefits and other terms, privileges and conditions of

11

employment for which Defendant is liable.

78. Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

## COUNT VI
### Failure to Accommodate- R.C. §4112.02

79. Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

80. At all times herein, Plaintiff suffered from an impairment within the meaning of R.C. §4112.01.

81. At all times material herein, Plaintiff was a qualified individual with a disability/disabilities within the meaning of R.C. §4112.01

82. Defendant knew or had reason to know Plaintiff suffered from a disability/disabilities and/or regarded her as disabled.

83. Plaintiff requested reasonable accommodations for her disability/disabilities.

84. Such reasonable accommodations were possible for Defendant to provide.

85. Defendant violated R.C. §4112.02 by failing to accommodate Plaintiff's disability, by retaliating against Plaintiff for seeking a reasonable accommodation, and by failing to engage in a good faith interactive process to determine an objectively reasonable accommodation for Plaintiff's disability.

## COUNT VII
### Interference – Violation of the Family Medical Leave Act

86. Plaintiff reasserts and reincorporates all allegations in the paragraphs above as fully rewritten herein.

87. Plaintiff was entitled to FMLA leave, as she suffers from a serious medical condition(s) and applied for and was approved for intermittent FMLA leave on multiple occasions during her employment with Defendant Ohio Gastro.

88. Defendant was aware that Plaintiff suffered from serious medical conditions that qualified her for FMLA leave because she had applied for and was approved for intermittent FMLA leave on multiple occasions during her employment with Defendant Ohio Gastro.

89. Defendant interfered with Plaintiff's FMLA rights by issuing discipline and/or lower attendance scores on her performance evaluation for absences related to her serious medical conditions and covered by FMLA, thereby deterring and/or preventing Plaintiff from exercising her right to request and take protected leave.

90. Defendant interfered with Plaintiff's FMLA rights by terminating her employment, thereby preventing her from taking the full 12 weeks of leave she was entitled to under the FMLA.

91. Defendant's termination of Plaintiff was directly related to her use of FMLA leave, because Defendant terminated Plaintiff immediately following her June 5 to June 6, 2017 hospitalization and/or subsequent absence from work, both of which were covered by FMLA and/or Plaintiff had a reasonable, good faith belief that both were covered by FMLA.

92. Defendant lacked good faith and/or reasonable grounds to believe it had not violated the FMLA in its discharge of Plaintiff.

93. Defendant's violations of the Family and Medical Leave Act entitles Plaintiff, pursuant to 29 U.S.C. § 2617(a), to monetary damages which include back pay and benefits, statutory liquidated damages, and attorneys' fees and costs of bringing this litigation, in an amount to be determined at trial.

## COUNT VIII
**Retaliation- Violation of the Family Medical Leave Act**

94. Plaintiff reasserts and reincorporates each and every allegation contained in the paragraphs above as if fully rewritten here.

95. Plaintiff attempted to exercise her rights under the FMLA, as she frequently took intermittent FMLA for her serious medical conditions.

96. Plaintiff suffered an adverse employment action when Defendant issued her discipline and/or lower attendance scores on her performance evaluations for absences related to her serious medical conditions and covered by FMLA.

97. Plaintiff suffered an adverse employment action when Defendant terminated her from her position in retaliation for taking intermittent FMLA leave and issuing disciplinary action to her that was without merit.

98. Plaintiff was terminated almost immediately following Plaintiff's use of FMLA leave for her hospitalization on or about June 5 to June 6, 2017; the reminder of that work week; and/or the entire following work week. Defendant terminated Plaintiff because she took intermittent FMLA leave.

99. Defendant's termination of Plaintiff was directly related to her use of FMLA leave, because Defendant terminated Plaintiff immediately following her June 5 to June 6, 2017 hospitalization and/or subsequent absence from work, both of which were covered by FMLA and/or Plaintiff had a reasonable, good faith belief that both were covered by FMLA.

100. Defendant lacked good faith and/or reasonable grounds to believe it had not violated the FMLA in its discharge of Plaintiff.

101. Defendant's violations of the Family and Medical Leave Act entitles Plaintiff, pursuant to 29 U.S.C. § 2617(a), to monetary damages which include back pay and benefits,

statutory liquidated damages, and attorneys' fees and costs of bringing this litigation, in an amount to be determined at trial.

WHEREFORE, Plaintiff demands:

For all Counts, monetary damages including back pay and benefits, statutory liquidated damages, expert witness fees and attorneys' fees and costs, and front pay, compensatory damages and punitive damages in an amount to be determined at trial, but in any event not less than $75,000.00 and any and all other relief, which the Court deems just and appropriate.

Respectfully submitted,

/s/ *Rachel A. Sabo, Esq.*
Rachel A. Sabo (0089226)
Peter G. Friedmann (0089293)
**The Friedmann Firm LLC**
1457 S. High Street
Columbus, OH 43207
Rachel@TFFLegal.com
Pete@TFFLegal.com
614-610-9757 (Phone)
614-737-9812 (Fax)


Michelle E. Lanham (0091944)
**Michelle E. Lanham, Attorney at Law, LLC**
445 Hutchinson Avenue, Suite 100
Columbus, Ohio 43235
Michelle@mlanhamlaw.com
614-300-5896 (Phone)
614-737-5239 (Fax)


*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff demands a jury trial by the maximum persons permitted by law on all issues herein triable to a jury.

/s/*Rachel A. Sabo*
Rachel A. Sabo (0089226)