**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| Benita Merendo, | : |
|     Plaintiff, | : |
| | : Case No. 2:17-cv-817 |
| vs. | : JUDGE EDMUND A. SARGUS, JR. |
| | : Magistrate Judge Kimberly A. Jolson |
| Ohio Gastroenterology Group, Inc., | : |
|     Defendant. | : |

**STIPULATED PROTECTIVE ORDER**

Now come the parties, pursuant to Fed. Rule 26(c), and hereby stipulate and agree as follows:

1. Any party may designate as "Confidential" any information, testimony, and documents which that party believes to contain special formulas, financial data, business and marketing plans, competitive analyses, or any other confidential information of a non-public nature regarding Plaintiff or any Defendant (collectively referred to herein as "Protected Information"). However, this Order shall not apply to any documents which have been filed with any governmental agency and are now available to the general public or are in the public domain.

2. When Protected Information is produced by a non-party as a result of a subpoena or other document request, any party to this litigation may serve notice on the other party that it considers such documents to be covered by the terms of this Stipulated Protective Order. Upon receiving such notice, all parties will mark the documents as "Confidential" and treat them as Protected Information under the terms of this Stipulated Protective Order.

3. As used herein, the term "Disclosing Party" refers to the party disclosing Protected Information in discovery or proceedings in this matter. "Receiving Party" refers to the party to whom such Protected Information is disclosed in discovery or proceedings in this matter.

4. If the Receiving Party objects to the designation of information or material as "Confidential," that party shall object in the first instance by letter to counsel for the Disclosing Party. If the dispute is not resolved by agreement, then the dispute shall be resolved by the Court. Until such agreement is reached, or Order is entered, the parties must abide by the "Confidential" designation.

5. Except with prior written consent of the Disclosing Party or upon Order of this Court, Protected Information may be inspected by and disclosed only to the following persons and only for the purposes of conducting this litigation:

   a) The parties;

   b) Attorneys of record in this action (including the staff of such attorneys);

   c) The Court and, if deemed necessary by the Court, Court personnel;

   d) Testifying or consulting witnesses

   e) Court reporters, to the extent deemed necessary by counsel, for the prosecution or defense of this action; and

   f) As an exhibit or exhibits to be shown to the relevant witness(es) at proceedings in this matter, including depositions, but not to be attached to any transcript of such proceeding unless under seal; and

   g) Other persons who have executed an Agreement consenting to be bound by the terms of this Protective Order, and then only as reasonably necessary to the prosecution or defense of this action.

6. Any pleadings, transcripts, and exhibits filed with the Court in this action that contain, quote, paraphrase, or otherwise describe Protected Information shall be filed, with leave of Court, electronically using the ECF system as provided in S.D. Ohio Civ. R. 5.1. Documents submitted for *in camera* inspection must be submitted to the Clerk in accordance with S.D. Ohio Civ. R. 5.2.1(b).

7. Within one hundred and twenty (120) days after the conclusion, termination, or dismissal of this action, Protected Information and documents quoting, paraphrasing, or describing the Protected Information, excluding attorney work product, shall be destroyed by the Receiving Party and its counsel, or shall be returned to the Disclosing Party.

8. Nothing contained herein shall be construed as an admission that Protected Information would be admissible in evidence at any hearing or upon a trial of the merits in this action. By making such Protected Information available for use in this action, the Disclosing Party shall not be deemed to have waived the confidentiality or protectability of said materials or information. Likewise, nothing contained herein shall be construed as an admission that Protected Information would be inadmissible in evidence at any hearing or upon a trial of the merits in this action.

9. By complying with the designation of documents, testimony, or information as "Confidential" under the terms of this Stipulated Protective Order, the Receiving Party shall not be deemed to have agreed with or consented to the Disclosing Party's classification of such information as confidential and protected for purposes of admissibility as evidence in this action.

10. Nothing herein shall constitute a waiver of any parties' right to seek additional protection under the Federal Rules of Civil Procedures.

*/s/ Patrick Kasson*
Patrick Kasson (0055570)
Reminger Co., LPA
*Counsel for Ohio Gastroenterology Group, Inc.*



*/s/ Rachel Sabo per auth 11-16-17*
Rachel Sabo (0089226)
The Friedmann Firm, LLC
*Counsel for Plaintiff Merendo*


IT IS SO STIPULATED:


Date: November 22, 2017 /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE