UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

BENITA MERENDO,

    Plaintiff,

v.

OHIO GASTROENTEROLGY
GROUP, INC.,

    Defendant.

Case No. 2:17-cv-817
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

This matter is before the Court on Defendant Ohio Gastroenterology Group, Inc.'s ("Defendant" or "Ohio Gastro") Motion *in Limine* (No. 7) to Preclude any Evidence that Plaintiff has a Disabling Condition. (ECF No. 31). Plaintiff Benita Merendo ("Plaintiff" or "Merendo") has filed an opposition. (ECF No. 54). For the reasons below, Defendant's Motion *in Limine* (No. 7) is **GRANTED in part and DENIED in part**.

I.

This case arises following Defendant's termination of Plaintiff on June 14, 2017. Plaintiff asserts that Defendant fired her for discriminatory reasons because of her disabilities and her taking leave pursuant to the Family and Medical Leave Act ("FMLA"). Defendant denies that its reasons for terminating Plaintiff were discriminatory and asserts that Plaintiff was fired because she violated Ohio Gastro's privacy policy by accessing her own medical records. Defendant filed a Motion for Summary Judgment, which the Court granted in part and denied in part. (*See generally* ECF No. 18). After summary judgment, Plaintiff's surviving claims are: 1) a disability discrimination claim under Ohio Rev. Code § 4112.02; 2) a disability discrimination claim under

the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*; 3) a disability retaliation claim pursuant to Ohio Rev. Code § 411.2.02; 4) a retaliation claim under the Americans with Disabilities Act; and 5) a retaliation claim under the FMLA. (*See id.*). As stated in her Complaint, Plaintiff seeks:

> monetary damages including back pay and benefits, statutory liquidated damages, expert witness fees and attorneys' fees and costs, and front pay, compensatory damages and punitive damages in an amount to be determined at trial, but in any event not less than $75,000.00 and any and all other relief, which the Court deems just and appropriate.

(Compl. at Prayer for Relief [ECF No. 1]). On April 29, 2019, Plaintiff submitted her Witness List to the Court. (*See generally* Pl. Wit. List [ECF No. 23]). Plaintiff did not designate any of her witnesses as "expert witnesses." (*See id.*). However, Plaintiff lists seven treating physicians as potential witnesses. (*See id.* ¶¶ 10, 12–17). Plaintiff anticipates her treating physicians to testify about her disabilities and/or serious medical conditions and her treatment of such medical conditions and/or disabilities. (*See id.*). And, Plaintiff submits, the purpose of her treating physicians' testimony is to prove that Plaintiff: 1) is disabled, 2) required FMLA leave, 3) required disability accommodations. (*See id.*).

## II.

A motion *in limine* allows the Court to rule on the admissibility of evidence prior to trial, which expedites the proceedings and gives the parties advance notice of evidence that they cannot rely upon during trial. *Bennett v. Bd. of Educ. of Washington Cty. Joint Vocational Sch. Dist.*, C2-08-cv-663, 2011 WL 4753414, at *1 (S.D. Ohio Oct. 7, 2011) (citing *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997)). The movant must demonstrate that the evidence is clearly inadmissible, in order to prevail on a motion *in limine*. *Id.* If the movant cannot meet this burden, the Court should defer evidentiary rulings so that questions of foundation,

2

relevancy, and potential prejudice may be resolved in the context of trial. *See Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). The determination of whether to grant a motion *in limine* is within the sound discretion of a trial. *Delay v. Rosenthal Collins Grp., LLC*, No. 2:07-cv-568, 2012 WL 5878873, at *2 (S.D. Ohio Nov. 21, 2012) (citing *Branham v. Thomas Cooley Law Sch.*, 689 F.3d 558, 560 (6th Cir. 2012)). However, the Court retains the ability to reconsider the admissibility of evidence and even change its ruling on a motion *in limine*, "as the proceedings give context to the pretrial objections." *Bennett*, 2011 WL 4753414, at 81 (citing *Black v. Columbus Pub. Sch.*, No. 2:96-cv-326, 2007 WL 2713873, at *2 (S.D. Ohio Sept. 17, 2007)).

## III.

### A. Plaintiff's Treating Physicians

Plaintiff has identified no expert witnesses that she intends to call at trial; however, her Complaint alleges that she has been diagnosed with several medical conditions, including: gastroesophageal reflux disease ("GERD"), chronic sinusitis, depression, anxiety, bronchitis, neck pain, trapezius strain, chronic venostasis, bilateral knee pain, seasonal allergies, hypoglycemia, and high blood pressure. (*See* Pl. Aff. ¶ 7 [ECF No. 15-2]). Defendant asserts that without expert testimony, she cannot establish that she is disabled or "that she has a diagnosis which is work prohibitive[.]" (MOL 7 at 2 [ECF No. 31]).

Plaintiff has stated that she plans to call seven of her treating physicians as treating medical professionals, but not as expert witnesses. The treating physicians Plaintiff plans to call are: 1) John Scherer, M.D.; 2) Kimberly A. Stock, M.D.; 3) Christopher Kaeding, M.D.; 4) Christopher Hyer, M.D.; 5) Steven Hirsch, M.D.; 6) Mehmet G. Basaran, M.D.; and 7) Scott Van Steyn, M.D. (collectively the "treating physicians"). (*See* Pl. Witness List ¶¶ 10, 12–17). The Sixth Circuit

has held that expert testimony "is not required when a treating physician testifies within a permissive core on issues pertaining to treatment, based on what he or she learned through actual treatment and from the plaintiff's records up to and including treatment." *Fielden v. CSX Transp., Inc.*, 482 F.3d 866, 871 (6th Cir. 2007). Further, a "treating physician may testify as a fact witness as to his or her first-hand treatment and care of the patient." *In re: E.I. Du Pont De Nemours & Co. C-8 Pers. Injury Litig.*, Nos. 2:13-md-2433, 2:13-cv-1103, 2016 WL 2946195, at *5 (S.D. Ohio May 19, 2016) (citing *United States v. Wells*, 211 F.3d 988, 998 (6th Cir. 2000)) (internal quotations omitted). Thus, Plaintiff's treating physicians may testify as fact witnesses with personal knowledge of Plaintiff's medical conditions; however, their testimony is limited to what they directly observed while Plaintiff was under their care. *See McFerrin v. Allstate Prop & Cas. Co.*, 29 F. Supp. 3d 924, 934 (S.D. Ky. 2014) (finding that medical doctor not disclosed as an expert "will be limited to testifying as to the course of treatment and to what he directly observed while [plaintiff] was under his care.").

**B.  Medical Records**

This Court noted in *Wharton v. Preslin*, that "medical records can qualify for the business record exception to the rule against hearsay." No. 2:07-cv-1258, 2009 WL 1850085, at *5 (S.D. Ohio June 26, 2009) (internal quotes omitted) (citing *Norton v. Coyler*, 828 F.2d 384, 386–87 (6th Cir. 1987)). Under Rule 803(6):

> A record of an act, event, condition, opinion, or diagnosis [is not inadmissible hearsay] if:
>
> (A) the record was made at or near the time by—or from information transmitted by—someone with knowledge;
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
> (C) making the record was a regular practice of that activity;

4

(D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and

(E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6). Therefore, so long as Plaintiff lays the appropriate foundation and introduces her medical records through a "qualified witness", such as through the treating physician who authored the record, Plaintiff's medical records may be admissible.

## C. Plaintiff's Testimony on her Medical Conditions

Defendant also contends that Plaintiff herself should be precluded from testifying on her own behalf to establish "her medical diagnoses and resulting physical limitations from those diagnoses." (MOL 7 at 3). The Court agrees. While Plaintiff may testify as to the symptoms that she experienced, *see* Fed. R. Evid. 803(3), she may not testify as to the medical conditions with which she has allegedly been diagnosed, *see* Fed. R. Evid. 803(4); *Field v. Trigg Cty. Hosp., Inc.*, 386 F.3d 729, 736 (6th Cir. 2004) (holding that Rule 803(4)'s hearsay exception "applies only to statements made by the one actually seeking or receiving medical treatment.").

## D. Potential Prejudice to Defendant

Finally, Defendant submits that it "will be prejudiced if expert evidence of Plaintiff's disabilities is permitted at trial." (MOL 7 at 6). As, Defendant avers, "[h]ad Plaintiff disclosed a medical expert, Defendant would have conducted an independent medical exam because it believes many of the claimed disabilities do not qualify as such under the ADA." (MOL 7 at 6). However,

5

Plaintiff is not presenting expert testimony. Accordingly, Defendant's final argument is unpersuasive.

## IV.

Thus, for the reasons stated herein, Defendant's Motion *in Limine* (No. 7) to Preclude any Evidence that Plaintiff has a Disabling Condition (ECF No. 31) is **GRANTED in part and DENIED in part.**

**IT IS SO ORDERED.**

7-19-2019
DATE

EDMUND A. SARGUS, JR.
CHIEF UNITED STATES DISTRICT JUDGE